IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02961-CNS-KAS

JRW FAMILY LIMITED PARTNERSHIP LLLP,

     Plaintiff,

v.

BLUFFS OWNER LLC,
SECURITY PROPERTIES RESIDENTIAL LLC, and
AMBIPAR HOLDINGS USA, INC.,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Opposed Motion for Leave to Amend Complaint** [#41] (the "Motion"). Defendant Ambipar Holdings USA, Inc. ("Ambipar") and Defendants Bluffs Owner, LLC and Security Properties Residential LLC (the "Bluffs Defendants") filed Responses [#44, #48], and Plaintiff filed a Reply [#49]. The Court set the Motion [#41] for hearing, but before the hearing took place, Plaintiff filed a Notice of Supplemental Authority [#53] highlighting the United States Supreme Court's recent opinion in *Berk v. Choy*, 146 S. Ct. 546 (2026). At the hearing, the Court ordered supplemental briefing on the question of how *Berk* applies to the instant Motion [#41]. *Courtroom Minutes* [#54]. The parties timely submitted supplemental briefs. *Def. Ambipar's Suppl. Brief* [#61]; *Bluffs Defs.' Suppl. Brief* [#62]; *Plf.'s Suppl. Brief* [#63]. The Motion [#41] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3).[1] *See Memorandum* [#42]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#41] is **GRANTED**.[2]

### I.    Background

According to the operative Complaint [#4], Plaintiff owns property in Douglas County, Colorado, on which it operates a cattle ranching business. *Compl.* [#4] ¶ 1. The Bluffs Defendants own and operate an apartment complex adjacent to Plaintiff's property. *Id.* ¶¶ 2-3. Plaintiff alleges that in February 2024, the Bluffs Defendants allowed a "preventable raw sewage spill" to contaminate its property. *Id.* ¶ 14.

Defendant Ambipar is an environmental management company that the Bluffs Defendants retained to remediate the spill. *Id.* ¶ 5. Plaintiff alleges that Defendant Ambipar did not construct appropriate fencing around the contaminated area of Plaintiff's property, and as a result, Plaintiff's cattle entered the contaminated area and drank the contaminated sewage water, leading to the death of at least four cattle. *Id.* ¶¶ 30-36. Further, Defendant Ambipar did not complete its remediation work, leaving the area

---

[1] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#22]; *Order of Reference* [#24].

[2] "Judges in this District remain split whether a magistrate judge's ruling on a motion to amend to add a claim for exemplary damages is dispositive or nondispositive." *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072-73 (D. Colo. 2019). However, "[c]ourts in this circuit have found that a magistrate judge's ruling on a motion to amend is nondispositive 'particularly where the magistrate judge's order grants leave to amend and does not have the effect of removing any claim or defense.'" *Sunflower Condo. Ass'n, Inc. v. Owners Ins. Co.*, 16-cv-2946-WJM-NYW, 2018 WL 1755784, at *1 (D. Colo. Apr. 12, 2018) (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002)); *see also Hendrickson v. Doyle*, No. 14-cv-02013-WJM-KLM, 2015 WL 2106225, at *1 n.2 (D. Colo. May 4, 2015) ("In this case the Court grants Plaintiff's request to amend his First Amended Complaint to add a claim for punitive damages. Therefore, the Court assumes that the issue is not dispositive.").

excavated without replacing the removed soil or reseeding the area for cattle grazing. Defendant Ambipar's apparent abandonment of the remediation left Plaintiff's property unusable and in disrepair for many months, causing additional erosion and damage. *Id.* ¶¶ 38-43.

Plaintiff filed the instant action in state court in August 2025, asserting six causes of action: (1) private nuisance; (2) negligent operation of sewer lift (negligence *per se*); (3) negligent failed remediation; (4) violation of the common law accommodation doctrine; (5) trespass (failing to minimize intrusion upon and damage to the surface); and (6) unjust enrichment (use of JRW's surface land at JRW's expense). *Id.* at 16-20. Plaintiff also requested injunctive relief in the form of a permanent injunction "compelling Bluffs to fully remediate and clean the sewer spill (including through full topsoil replacement), recontouring of the property for effective drainage, to remove the heavy equipment being stored on JRW's property, and to reseed, repair, and otherwise properly remediate portions of JRW's property that have been damaged." *Id.* at 20.

Defendant Ambipar removed the case, invoking the Court's diversity jurisdiction. *Notice of Removal* [#1] ¶¶ 2-3. Defendant Ambipar filed a partial Motion to Dismiss [#11] Plaintiff's Claim 4 for violation of the common law accommodation doctrine. The District Judge heard oral arguments on the partial Motion to Dismiss [#11] and granted it. *Courtroom Minutes* [#51]. The parties later stipulated to the dismissal of Plaintiff's Claim 4 against the Bluffs Defendants as well. *See Stipulation of Partial Dismissal* [#52]. Plaintiff did not file a Notice of Amended Complaint documenting the partial dismissal.

Meanwhile, on December 29, 2025, Plaintiff filed the instant Motion [#41]. In addition to asserting several new factual allegations, Plaintiff seeks leave to assert a claim

3

for punitive damages. *See Plf.'s Ex. 1, Redlined Proposed First Am. Compl.* [#41-1]. As grounds, Plaintiff alleges that during the early remediation efforts, a second sewage spill occurred and that Defendants concealed it from Plaintiff. *Id.* ¶¶ 97-99. Plaintiff further alleges that the Bluffs Defendants recklessly or intentionally misled Plaintiff concerning the cause of the original spill and that all Defendants deliberately chose not to complete remediation. *Id.* ¶¶ 100-07.

## II.    Legal Standard

Until earlier this year, courts in this District almost universally applied Colo. Rev. Stat. § 13-21-102(1.5)(a) to motions for leave to add requests for exemplary (or punitive) damages. Colo. Rev. Stat. § 13-21-102(1.5)(a) provides that "[a] claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief," and is only allowed "by amendment to the pleadings . . . after the exchange of initial disclosures . . . and [after] the plaintiff establishes prima facie proof of a triable issue." Therefore, courts in this District, including the undersigned, required the movant to meet this heightened pleading standard in order to assert punitive damages claims. *See Hubchik v. Owners Ins. Co.*, No. 23-cv-01359-DDD-KAS, 2024 WL 4653176, at *6 (D. Colo. Oct. 31, 2024), *report and recommendation adopted,* 2025 WL 904364 (D. Colo. Jan. 28, 2025); *Burke v. Lindner*, No. 23-cv-01295-GPG-KAS, 2024 WL 3650445, at *2 (D. Colo. Aug. 3, 2024); *see also Apartment Income REIT Corp. v. Certain Underwriters at Lloyds London Subscribing to Pol'y No. B0713MEDTE2202301*, No. 24-cv-01285-NYW-KAS, 2026 WL 1162277, at *3 (D. Colo. Apr. 29, 2026) (flagging *Berk* but reserving the issue for a later day).

4

That changed last month when Magistrate Judge Cyrus Y. Chung issued an order that carefully traced the historical underpinnings of the District-wide practice and persuasively made the case for a new path forward. *McCormick v. HRM Res., LLC*, --- F. Supp. 3d ----, 2026 WL 1213398, at *1 (D. Colo. May 4, 2026). Finding it unnecessary to regurgitate Judge Chung's thorough analysis here, the Court briefly summarizes the main points.

The Rules of Decision Act, 28 U.S.C. § 1652, directs federal courts sitting in diversity to apply state substantive law, "leaving federal law to cover the rest." *Berk*, 146 S. Ct. at 552; *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In *Berk*, after noting that federal courts are occasionally faced with difficulties navigating "*Erie*'s murky waters," the Court paused to recite the basic principle that "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether." *Id.* at 552. In other words, "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." *Id.*

Thus, the question becomes whether Rules 8 and 15 of the Federal Rules of Civil Procedure, which dictate the standards for pleading and amendment, displace Colo. Rev. Stat. § 13-21-102(1.5)(a). *McCormick*, 2026 WL 1213398, at *3. An initial complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." FED. R. CIV. P. 8(a). "Rule 8 sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims." *Berk*, 607 U.S. at 194. After a short period for amendments as of right, the plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave," which the court is to give freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

The state statute, however, provides that punitive damages claims may not be included in an initial complaint and may only be asserted if accompanied by prima facie proof of a triable issue. COLO. REV. STAT. § 13-21-102(1.5)(a).

Judge Chung discerned a conflict between Colo. Rev. Stat. § 13-21-102(1.5)(a) and Rules 8 and 15. Rule 8(a)(3)—by simply providing that a pleading must contain a demand for the relief sought—unquestionably allows a plaintiff to include a request for punitive damages in its initial complaint. *McCormick*, 2026 WL 1213398, at *3. Accordingly, "Colo. Rev. Stat. § 13-21-102(1.5)(a) and Rule 8(a)(3) 'answer the same question—may a punitive damages claim be included in an initial complaint?—in opposite ways:' the state statute 'answers the question no—never. Rule 8 answers the question yes— always.'" *Id.* (quoting *Kilburn v. Autosport Acquisitions, LLC*, No. 1:20 CV 211 ACL, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021)). Further, and in contrast to Colo. Rev. Stat. § 13-21-102(1.5)(a), Rule 15 neither imposes a waiting period nor demands an evidentiary threshold. True, Rule 15 imposes a futility evaluation, but such an evaluation is limited to the sufficiency of the allegations, taken as true, in the amended pleading. *Id.* And even so, courts in this district invoke futility of amendment as a ground to justify denying leave only very rarely. "The statute therefore conflicts with Rule 15 with respect to both when and how a plaintiff can add a punitive-damages request." *Id.*; *see also Famuyide v. Chipotle Mexican Grill, Inc.*, No. 23-cv-01127 (DWF/ECW), 2026 WL 765356, at *4 (D. Minn. Mar. 18, 2026) (citing *Dolphin Kickboxing Co. v. Franchoice, Inc.*, 335 F.R.D. 393, 398-99 (D. Minn. 2020)).

Judge Chung then turned to the "long-standing consensus" in this District applying Colo. Rev. Stat. § 13-21-102 and concluded that it "does not rest on a robust foundation

of repeatedly adversarial challenges." *Id.* at \*4. Instead, the practice was born of a single judge's decision in *Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1174 (D. Colo. 2002), which addressed Colo. Rev. Stat. § 13-64-302.5, a similar statute governing punitive-damages requests against healthcare professionals. *Id.* The practice quickly became the norm across the rest of the District. *See id.*

But the Supreme Court's recent decision in *Berk* calls *Jones*'s logic into question. For example, the *Jones* court relied on the Tenth Circuit's decision in *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996), which in turn considered a state statute similar to that at issue in *Berk*. *Id.* at \*5. To the extent that *Jones* relied on *Trierweiler,* and *Berk* now calls *Trierweiler* into question, the Court must assess *Jones*'s logical foundation in light of more recent Supreme Court precedent. Additionally, many of the federal districts that the *Jones* court (and later this District) joined in finding no conflict between like state statutes and the Federal Rules have subsequently disclaimed their wholesale adoption of the same, leaving this District to stand "in a small minority." *Id.*

Accordingly, Judge Chung concluded that "continued application of [Colo. Rev. Stat. § 13-21-102(1.5)(a)] in federal court is no longer sound," and applied Rule 15 instead. *Id.* The undersigned finds the above referenced analysis thorough, well-researched, and persuasive. Therefore, the Court adopts it in full.[3] Rule 15, and not Colo. Rev. Stat. § 13-21-102(1.5)(a), applies to motions for leave to assert a claim for punitive damages.

---

[3] The Court is cognizant of Defendants' position that applying Rule 15 instead of Colo. Rev. Stat. § 13-21-102(1.5)(a) would prejudice them and may result in forum shopping in the future, but they have not provided any authority suggesting that this Court may deviate from what it believes is *Berk*'s clear mandate and the consequences inherent therein.

7

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "[i]f the underlying facts or circumstances relied upon by a [litigant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Denying leave to amend is generally justified only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III.     Analysis

The Bluffs Defendants make no Rule 15 arguments in their briefing, notwithstanding the Court's prior practice of addressing *both* Rule 15 and § 13-21-102(1.5)(a) in earlier rulings on this issue. *See Bluffs Defs.' Response* [#48]; *Bluffs Defs.' Suppl. Brief* [#62]; *see also Hubchik*, 2024 WL 4653176, at *6. During oral arguments, the Bluffs Defendants invoked Rule 11, which states that an attorney, by signing a pleading or other paper, certifies that the factual contentions they present have "evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3). But the Bluffs Defendants have not moved for sanctions. "And to use Rule 11 as a freewheeling license to weigh evidence on the allegations of a proposed amended complaint would run afoul of the principle that the futility of a motion to amend is judged by 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *McCormick*, 2026 WL 1213398, at *3 (quoting *Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-

8

KLM, 2022 WL 986124, at *2 (D. Colo. Apr. 1, 2022), *report and recommendation adopted*, 2022 WL 2292848 (D. Colo. May 2, 2022)).

Defendant Ambipar, for its part, rests only on a futility argument, asserting that Plaintiff's claim for punitive damages is not plausible. *See Response* [#44]; *Def. Ambipar's Suppl. Brief* [#61]. However, courts in this District often prefer to address futility of amendment on a Rule 12(b)(6) motion rather than on a motion for leave to amend. *Retzolff v. Jacobs Ent., Inc.*, No. 24-cv-03538-PAB-KAS, 2026 WL 21233, at *5 (D. Colo. Jan. 4, 2026). The Court finds this consideration especially weighty here, where the briefing on Rule 8 plausibility was relatively succinct in comparison to the larger issue before the parties and the Court.

And even if the Court were inclined to take up the futility challenge at this juncture, the Court notes that Defendant Ambipar appeared to assume in its Response brief that Plaintiff is asserting a claim of fraudulent concealment. *See Response* [#44] at 5. But Plaintiff disclaimed any intention to assert such a claim during the April 8, 2026 Motion Hearing. Instead, Plaintiff maintained its intent to assert only claims of negligence, trespass, and unjust enrichment against Defendant Ambipar. Plaintiff grounded its punitive damages theory not on fraud, but on attendant circumstances of willful and wanton conduct. *See* § 12-31-102(1)(a).

In sum, the Court finds that Plaintiff has readily cleared the relevant Rule 15 threshold, and Defendants have offered little rebuttal that persuades the Court otherwise.

### IV.    Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#41] is **GRANTED**.

9

IT IS FURTHER **ORDERED** that Plaintiff shall file a clean copy of the First Amended Complaint documenting the dismissal of Claim 4 and the addition of its punitive damages claim no later than **June 25, 2026**.

Dated: June 18, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge